IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01746-WYD-KMT

ELAINE SPECER MARR;
ELLIOTT PAUL MOORE,

    Plaintiffs,

v.

LARRY H. HUGHES;
TOMMIE R. HUGHES,

    Defendants.

---

**ORDER ACCEPTING AND AFFIRMING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on Defendant Larry and Tommie Hughes' Motion to Dismiss, filed September 10, 2007 (docket # 7); Defendant Colorado Department of Transportation's Motion to Dismiss, filed September 10, 2008 (docket # 8); Petitioners' Motion for Summary Judgment, filed October 30, 2007 (docket #25). On January 9, 2008, pursuant to General Order upon the appointment of Magistrate Judge Tafoya, this case was reassigned to Magistrate Judge Tafoya. Magistrate Judge Tafoya issued a Recommendation on August 15, 2008, which is incorporated herein by reference. See 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Tafoya recommended therein that this case be dismissed against Defendants Larry and Tommie Hughes and against Defendant Colorado Department of Transportation (hereinafter "CDOT"). She also recommended that Petitioners' Motion

for Summary Judgment be denied.

More specifically, Magistrate Judge Tafoya found that Plaintiffs claims are barred by the principles of claim preclusion and res judicata. Recommendation at 13. Magistrate Judge Tafoya noted that the Plaintiffs want "a ruling from this Court...which confirm Petitioners' claim that they were indeed denied their assertions that they were denied their United States and Colorado' s Constitutional right of due process ...." Recommendation at 11 (citing Pet. Rsp. Hughes, p.22). Magistrate Judge Tafoya found that the Plaintiffs have already received the "declaration" they desire in this case from District Court Judge Charles M. Barton and what the Plaintiffs really seek by filing this new case is a different remedy than Judge Hughes was willing to apply in the state court action. Id. In determining that this action is barred by claim preclusion and res adjudicata, Magistrate Judge Tafoya found that the two cases before the Court are identical and the parties and subject matter are the same. Id. The only difference in this in this action is the legal theory upon which the Plaintiffs now wish to proceed. Id. ((citing *State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo. 1989)(emphasis added)("Of paramount importance to this case is that in Colorado, the 'same claim or cause of action' is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claim relies."))((see also *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)("[A] cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence)).

On August 29, 2008, Plaintiffs filed a timely Objection entitled "Plaintiff's

2

Response to Recommendation of United States Magistrate Judge Kathleen M. Tafoya." Plaintiff's objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

In their Objection, Plaintiffs provide a lengthy restatement of the facts surrounding their state court action. Plaintiffs argue that a cause of action based on the failure of Defendants to provide Plaintiffs with constitutionally mandated due process of law prior to taking their property was not asserted when the case was filed. Plaintiffs assert that during the trial of their case there was no mention of the fact that Plaintiffs' were intentionally denied their Constitutional right of due process of law by the Defendants. Plaintiffs contend that this constitutional issue is a new, separate and serious cause of action and it is an issue that was not addressed. Plaintiffs also request that Plaintiffs' Petition for Redress be granted, which includes the return to them of their easement to its original location.

I agree with Magistrate Judge Tafoya that Plaintiffs' Petition for Redress is barred by the principles of claim preclusion and res judicata. Not only is there an identity of parties and subject matter in this case, but Plaintiffs also seek a remedy that was already denied in their state court action, namely the return to them of their easement to its original location. Although Plaintiffs are asserting a new legal theory for their claim, the injury for which relief is demanded is the same. Finally, I have reviewed the remaining objections in their entirety and find no merit to any other arguments therein. Accordingly, the Recommendation is affirmed and adopted.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge (docket # 33) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Defendant Larry and Tommie Hughes' Motion to Dismiss (docket #7) is **GRANTED**. It is

FURTHER ORDERED that Defendant Colorado Department of Transportation's Motion to Dismiss (docket # 8) is **GRANTED**. It is

FURTHER ORDERED that Petitioners' Motion for Summary Judgment (docket # 17) is **DENIED**. It is

FURTHER ORDERED that this case is **DISMISSED WITH PREJUDICE**.

Dated: September 16, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge